IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY L. PERCIVAL, | } | |
| TDCJ-CID NO.1359602, | } | |
| Plaintiff, | } | |
| v. | } | CIVIL ACTION H-08-1138 |
| | } | |
| OFFICE OF THE GOVERNOR, *et al.*, | } | |
| Defendants. | } | |

## OPINION ON DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that state policy makers have instituted and enforced a prison grooming policy that violates his First Amendment right to exercise his religious beliefs. (Docket Entry No.1). The Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff reports that in March or April of 2007, he requested that the Unit Chaplin amend his religion of record to reflect "Messianic Jewish." (Docket Entry No.1). After further study, plaintiff determined that his religion prohibits the shaving of the edges of his beard. Therefore, in August, 2007, he refused to shave his beard in violation of TDCJ policy, which requires all inmates to be clean-shaven. (*Id.*). Apparently, plaintiff was convicted of a disciplinary violation for refusing to shave because he lost good conduct credit and commissary and recreational privileges, he was restricted to his cell, and he received a reduction in class line status. (*Id.*).

Plaintiff has attached a copy of Step 2 Grievance Number 2008079520, apparently complaining of the denial of religious expression in violation of the First Amendment. (*Id.*). Bill Pierce, the Director of the Chaplaincy Department denied the grievance. (*Id.*).

Plaintiff indicates that he seeks relief from the agencies who make the policies, *i.e.*, the Offices of the Governor of the State of Texas, the Texas Board of Criminal Justice, and the Executive Director of TDCJ-CID. Plaintiff requests the Court to order TDCJ to amend its beard grooming policy so that it does not violate the First Amendment and to order the State of Texas to compensate him for "loses, anguish, and my being degraded equal to past cases of similar content under the law." (*Id.*).

## DISCUSSION

When a litigant proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)).

Prison administrators must provide inmates with "reasonable opportunities ... to exercise the religious freedoms guaranteed by the First and Fourteenth Amendments." *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972). Restrictions on that exercise must be reasonably related to

legitimate penological interests. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 345-46 (1987); *Turner v. Safley*, 482 U.S. 78, 89-90 (1987). In *Turner*, the Supreme Court established a four-factor "rational relationship" test of analyzing the constitutionality of regulations that burden a prisoner's fundamental rights. 482 U.S. at 89-91. Under the *Turner* test, the court must consider: (1) whether there exists a valid, rational correlation between the prison regulation and the legitimate governmental interest advanced; (2) whether there are alternative means of exercising the rights that remain available to the inmates; (3) what is the impact on prison staff, other inmates, and the allocation of prison resources generally; and (4) whether there is an absence of ready alternatives to the regulation in question. *Id.*

While the Fifth Circuit has not addressed a grooming challenge specifically with respect to a "Messianic Jew," it has analyzed the grooming policy under the *Turner* standard and found that requiring Muslim prisoners to be clean shaven does not violate their free exercise rights. *Green v. Polunsky*, 229 F.3d 486, 490-91 (5th Cir. 2000); *accord, Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001) (per curiam) (citing *Green*); *see also Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (regulations requiring Rastafari offender to cut his hair and beard did not violate inmate's free exercise rights). Plaintiff's claim under the First Amendment lacks an arguable basis in law and is frivolous; therefore the complaint is subject to dismissal.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's complaint (Docket Entry No.1) is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. All pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, this 10th day of September, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE